Leighton *v.* Pearson.

———————◆———————

ALBION K. P. LEIGHTON & al. *versus* U. T. PEARSON & als.

A debtor, who had given bond on execution, disclosed notes, which were se-
cured by a mortgage of real estate, which he neither indorsed nor delivered
to the creditor, but deposited with the justices an assignment of them and
of the mortgage, which was neither sealed nor acknowledged: — *Held*, that
the property was not "duly secured" to the creditor, as the statute requires,
and the justices were not authorized to issue their certificate of discharge.

In such case, the creditor can recover only "the real and actual damage" he
has sustained.

REPORTED from *Nisi Prius*, by APPLETON, J.

THIS was an action of DEBT on a bond given by Pearson
to be released from arrest on execution. He duly cited the
creditors, made a disclosure of his property in writing, and
was allowed the oath by the justices who gave him a certifi-
cate of discharge.

The justices made a record of the debtor's assignment of
certain notes secured by mortgage, their appraisal of them,
and the fact that they were not produced at the disclosure.

The case was argued by

*A. L. Simpson & T. W. Porter,* for the plaintiffs, and by

*Waterhouse,* for the defendants.

The opinion of the Court was drawn up by

CUTTING, J.—This action is brought on a bond, dated May 12, 1859, the conditions of which were, that the said Uriah T. Pearson should, within six months, cite the creditors before two justices of the peace and of the *quorum*, and submit himself to examination, and take the oath prescribed in § 28th of c. 113, or pay the debt, &c.

The defence is, that the first condition has been complied with, and, as evidence of that fact, the certificate of two justices of the peace and *quorum*, in the form prescribed by c. 113, § 31, was introduced as conclusive evidence of the facts therein recited. But the plaintiffs deny the conclusive character of the certificate and contend that it is invalid for various reasons.

Since so many decisions have been given, and the Reports are so full of learning upon most of the points raised, we will pass by them with respectful recognition, and acquiescence, and come directly to the position which establishes the plaintiffs' right to maintain their action.

By c. 113, § 29, "when, from the disclosure of a debtor, arrested or imprisoned on execution, it appears that he possesses or has under his control any bank bills, notes, accounts, bonds, or other contracts, or property, not exempted by statute from attachment, which cannot be come at to be attached, and the creditor and debtor cannot agree to apply the same towards the debt, the justices hearing the disclosure shall appraise and set off enough of such property to satisfy the debt, costs and charges. If the creditor accepts it, it may be assigned and delivered by the debtor to him, and applied towards the satisfaction of his demand." And, by § 31, "after the oath is administered and the property disclosed is duly secured, the justices shall make out and deliver to the debtor a certificate under their hands and seals in the form following."

Now, it appears from the debtor's disclosure, that, at that time, he held two notes signed by one *Asa B. Edgerly*, on which were due $200, secured by a mortgage on the Ken-

duskeag House, in the town of Kenduskeag and county of Penobscot, which the record of the justices show the creditors elected to take, and which the justices appraised to be worth one dollar. Was that property " duly secured" before the justices issued their certificate? If otherwise, they had no authority to issue it, and, being void for want of authority, it could not be set up in defence.

The property disclosed comes within the provision of § 29, as has been decided in *Smith* v. *People's Bank*, 24 Maine, 184, and in *Lincoln* v. *White*, 30 Maine, 291. The notes were neither delivered or indorsed, and, from the copy of the assignment of the mortgage, as appears from the justices' record, it was not under seal or acknowledged, and consequently was not ." *duly secured*." *Smith* v. *Kelley*, 27 Maine, 237. According to the agreement of the parties, the defendants are to be defaulted and heard in damages by the Court, which will be the real and actual damages as provided by § 48.

TENNEY, C. J., RICE, APPLETON, MAY and KENT, JJ., concurred.